UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSANDRA OLIVER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | Civil No.   10-cv-398-MMA (POR)<br><br>**REPORT AND RECOMMENDATION ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 8]** |

**I. INTRODUCTION**

On February 19, 2010, Plaintiff filed a Complaint seeking judicial review of Defendant's denial of disability benefits under the Social Security Act. (ECF No. 1.)  On May 25, 2010, Defendant filed a Motion to Dismiss the Complaint as untimely.  (ECF No. 8.)  Plaintiff did not file an opposition to the motion.  On March 3, 2011, the Court directed Plaintiff to file an opposition on or before March 17, 2011.  (ECF No. 12.)  Plaintiff has not filed an opposition or a response to the Court's order.  Accordingly, the Court will now address Defendant's motion on the papers currently before it.

This motion was referred to Magistrate Judge Louisa S Porter on a report and recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1.   For the reasons set forth herein, the Court RECOMMENDS Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED.

//

## II. BACKGROUND[1]

On July 6, 2006, Plaintiff filed an application for supplemental security income, alleging disability beginning July 1, 1995 due to bipolar disorder, substance abuse in reported remission and borderline personality disorder. (ECF No. 8, Ex. 2 at 4, 6.) Plaintiff's claim was denied initially on October 17, 2006, and upon reconsideration on February 26, 2007. (Id. at 4.) Plaintiff filed a timely request for a hearing before an administrative law judge ("ALJ") on April 24, 2007. (Id.) On May 1, 2009, Plaintiff appeared and testified at an administrative hearing before an ALJ. (Id.) Dr. Miriam Sherman, an impartial medical expert, and John P. Kilcher, an impartial vocational expert, also testified at the hearing. (Id.)

On June 24, 2009, the ALJ found Plaintiff not disabled as defined by the Social Security Act and denied her application for supplemental security income. (Id. at 11.) The decision of the Social Security Administration became final when the Appeals Council denied Plaintiff's request for review and affirmed the ALJ's decision on December 15, 2009. (ECF No. 8, Ex. 3 at 1.) Plaintiff filed the instant action challenging the decision of the Social Security Administration on February 19, 2010. (ECF No. 1.)

## II. DISCUSSION

Defendant argues Plaintiff's Complaint should be dismissed because her action is time-barred. (ECF No. 8 at 2-4.) Defendant further contends there are no extraordinary circumstances that would justify equitable tolling of the sixty-day statute of limitations in this case. (Id. at 5.) Plaintiff did not file an opposition to Defendant's motion.[2]

Section 205(g) of the Social Security Act provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such

---

[1] The following facts are taken from documents attached to Defendant's Motion to Dismiss. A certified copy of the administrative record has not been filed in this case. See 42 U.S.C. § 405(g) (requiring Commissioner to file certified copy of administrative record as part of its answer to complaint). Plaintiff has not disputed the accuracy of any of these facts. Accordingly, the Court will consider these facts as true for the purpose of resolving the instant motion.

[2] Civil Local Rule 7.1(f)(3)(c) authorizes the Court to construe Plaintiff's failure to file an opposition as a "consent to the granting of a motion." However, the Court has addressed the merits of Defendant's claim for the purposes of this Report and Recommendation.

further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The sixty-day period starts the day after the claimant receives notice of the Appeals Council's denial of request for review. See 20 C.F.R. § 416.1481. The date of receipt is presumed to be five days after the date of the Appeal Council's notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. § 422.210(c). The sixty-day time limit is not jurisdictional, but rather it is a statute of limitations which the agency may waive. Mathews v. Eldridge, 424 U.S. 319, 328 n. 9 (1976); Banta v. Sullivan, 925 F.2d 343, 345 (9th Cir. 1991).

Motions to dismiss based on this statute of limitations are granted only if the allegations of the complaint would not permit the plaintiff to prove that the statute was tolled. Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987). From the face of Plaintiff's Complaint, it is apparent she did not file within the prescribed statutory period. The Complaint states the Appeals Council denied Plaintiff's request for review on December 15, 2009. (ECF No. 1 at 2; see also ECF No. 8, Ex. 1 at 3; ECF No. 8, Ex. 3 at 1-2.) Plaintiff is presumed to have received notice of this decision on December 20, 2009 as the Complaint does not make any showing to the contrary. Thus, Plaintiff had to file a complaint seeking judicial review of the Social Security Administration's decision on or before February 18, 2010 to meet the sixty-day statute of limitations. However, Plaintiff filed her Compliant on February 19, 2010, one day after the statute of limitations had expired in her case. (ECF No. 1.) There are no allegations concerning the timing of her filing or reason for the one-day delay. (Id.)

Accordingly, the Court finds Plaintiff's Complaint is time-barred by section 405(g) of the Social Security Act and RECOMMENDS Defendant's Motion to Dismiss be GRANTED with leave to amend.

### III. CONCLUSION

Based on the foregoing analysis, this Court RECOMMENDS Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

1  IT IS HEREBY ORDERED that **no later than April 27, 2011**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

  IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

  **IT IS SO ORDERED.**

DATED:  March 28, 2011

_____
LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable Michael M. Anello
     All parties